# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DWAINE MARCUS COLEMAN,

                Plaintiff,

          v.                                      Case No. 16-CV-892

COUNTY OF RACINE, et al.,

                Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Dwaine Marcus Coleman is representing himself in this action, and on December 1, 2016, the court ordered him to submit an amended complaint. (ECF No. 10.) Coleman has done so (ECF No. 11) and now the court must screen his amended complaint in accordance with 28 U.S.C. § 1915A. The court accepts as true the well-pleaded factual allegations contained in Coleman's amended complaint.

According to his amended complaint Coleman was incarcerated in Illinois from 2010 to 2013. In 2011 he was arrested for and convicted of drunken driving in Wisconsin. Obviously, because he was incarcerated in Illinois at the time, Coleman did not actually drive drunk in 2011. Rather, Coleman's brother used Coleman's identity at the time of his arrest, and his brother was convicted under Coleman's name. Coleman

asserts that it "was discovered at the finger printing stage of the booking process" that Coleman's brother was using Coleman's name "but no attempts were made to the correct the booking name …." (ECF No. 11 at 3.)

As a consequence, when Coleman was released from prison he was arrested for driving with a revoked license, leading to him being incarcerated and incurring hundreds of dollars in expenses. His purportedly revoked license also allegedly prevented him from recovering damages as a result of a car accident where he was rear-ended.

Coleman made various attempts to correct the erroneous conviction. He states that he wrote to "the District Attorney's Office in Racine County," who initially told him "with a culpable state of mind that [the drunken driving] incident occurred in Kenosha County." (ECF No. 11 at 5.) But when Kenosha County told him the incident did actually occur in Racine, Coleman again contacted Racine (the court presumes Coleman intends to allege that he again contacted the Racine County District Attorney's Office) but was ignored. Coleman also sought assistance from the Racine County Sheriff's Office and was ignored. Coleman alleges that the "Racine County Sheriff's Office, as well as Racine County District Attorney and Clerk's Office had ministerial duty to maintain correct and accurate records." (ECF No. 11 at 5.)

Coleman names as defendants "County of Racine," "Racine County Sheriff's Office," "Racine County District Attorney's Office" and "Racine County Clerk's Office."

2

(ECF No. 11 at 1.) He alleges that the latter three defendants "worked for County of Racine." (ECF No. 11 at 2.)

As framed by Coleman, the only suable entity is "County of Racine" (although it might be more proper to call it "Racine County"). The Sheriff's Office and the District Attorney's Office are each subunits of the county and not separate, suable entities. *See Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 996 (E.D. Wis. Feb. 25, 2000) (citing *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) ("an entity characterized as the 'office of the district attorney' or as the 'district attorney' does not have the authority to sue or to be sued."); *Abraham v. Piechowski*, 13 F. Supp. 2d 870, 879 (E.D. Wis. 1998) (discussing sheriff's departments).

As for the entity Coleman identifies as "Racine County Clerk's Office," the County Clerk's Office is likewise a county subunit that lacks the capacity to sue or be sued. *Cf. Abraham*, 13 F. Supp. 2d at 879. Although the court accepts the complaint as the plaintiff presented it, and thus that the County Clerk's Office is the intended defendant, the court notes that in his initial complaint Coleman named in the caption "Racine County Clerk of Courts." The clerk of court is an official who maintains court records, *see* Wis. Stat. § 59.40, whereas a county clerk is an official whose duties include administering elections, overseeing financial matters in the county, administering marriage licenses, and maintaining the records of county government, *see* Wis. Stat. § 59.23. Thus, the court questions whether the entity named in the amended complaint

is the entity Coleman intends to sue. However, because Coleman's identification is unambiguous, the court finds that it must accept the complaint as written and that the Racine County Clerk's Office is the named defendant.

As for Racine County, "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. Although Coleman asserts that he "files this instant complaint under Monell claim due to custom and policy and conspiracy" (ECF No. 11 at 5), he does not identify the policy or custom which allegedly injured him. As a result, the court finds that Coleman has failed to allege a plausible claim against any of the named defendants.

As presented, Coleman's claims are viable, if at all, against only the specific individual employee or employees whose allegedly unlawful actions harmed him. Thus, the court considers whether it is appropriate to permit Coleman the opportunity to again amend his complaint to name one or more proper defendants. Having already afforded Coleman one opportunity to amend his complaint, it would be futile to give him a second chance if it is clear that, even if he could identify the particular individuals

involved, the facts would nonetheless be insufficient to state a claim upon which relief may be granted.

Coleman presents two varieties of claims. First, he alleges that his brother's false use of his identity was discovered during the booking process but no effort was made to correct the error. (ECF No. 11 at 3.) Second, he complains that no one responded to his requests when he attempted to remedy the error. (ECF No. 11 at 4-5.)

With regard to the first variety of Coleman's claims, relating to the alleged failure to correct the identity error, many of Coleman's claims (e.g., malicious prosecution, denial of right to jury trial, denial of right to face accusers (ECF No. 11 at 5)) are founded on the premise that he was prosecuted in absentia without being afforded the constitutional rights to which a defendant is entitled. But Coleman was not actually prosecuted. His brother was. The fact that the his brother criminally represented himself as Coleman, and thus collateral aspects of the resulting conviction were attached to Coleman's identity, does not change the fact that the conviction was against his brother.[1] Coleman was the victim of a crime perpetrated by his brother. His grievance is with his brother in much the same way a person who is the victim of vandalism or theft must seek redress from the vandal or thief rather than a police officer who failed to prevent the crime.

---

[1] The court sets aside questions of whether these rights would even apply given that the offense at issue appears to be first offense operating while intoxicated, which in Wisconsin is a non-criminal civil forfeiture. *See* Racine County Case Number 2011TR003919, available at wcca.wicourts.gov.

5

In effect what Coleman is alleging is that someone in the offices he identified as defendants was obligated under the Constitution to intervene and to either prevent Coleman's brother from passing himself off as Coleman or to correct the record once it was learned that the person charged with drunken driving was not actually Coleman. These sorts of arguments have been consistently rejected by courts. *See, e.g.*, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989) (holding that county social services agency did not violate child's due process rights by failing to intervene to protect child from abusive father); *Sandage v. Bd. of Comm'rs*, 548 F.3d 595, 596 (7th Cir. 2008) (holding that officials did not violate woman's due process rights when officials ignored her repeated complaints of harassment by an inmate on work release and inmate later murdered her). "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." *Bowers v. De Vito*, 686 F.2d 616, 618 (7th Cir. 1982).

Thus, courts have rejected constitutional claims even when egregious government inaction has led to extremely serious consequences. For example, the Supreme Court rejected a constitutional claim when police officers' decisions to ignore a mother's repeated pleas that they enforce a restraining order against her husband resulted in the husband murdering her three children. *Castle Rock v. Gonzales*, 545 U.S. 748 (2005). In *DeShaney*, the Court rejected the argument that government officials

violated the constitutional rights of a four-year-old boy when they repeatedly returned him to the custody of his father, despite obvious signs of abuse, leading to the father severely beating the boy and leaving him with permanent disabilities. 489 U.S. at 201-02. Similarly, the Court of Appeals for the Seventh Circuit rejected the claim that officials who ignored a woman's repeated complaints of harassment by an inmate on work release violated the woman's constitutional rights when the inmate later murdered her. *Sandage*, 548 F.3d at 596.

An exception to the general rule that the constitution does not guarantee government protection against the wrongs of others is when government actually created or increased the harm to the individual. *Sandage*, 548 F.3d at 599. Therefore, in *Monfils v. Taylor*, 165 F.3d 511 (7th Cir. 1998), government officials were found to have violated the constitutional rights of an individual who was murdered by a coworker. The victim had called police to report a coworker's theft but requested anonymity and that police not release any tape of his call because the coworker would recognize his voice and was violent. *Id.* at 513-14. The coworker requested the tape, police released it, and the coworker murdered the victim. *Id.*

But that exception does not plausibly apply to Coleman's claims. On some level one might argue that the booking and prosecution was a government action that led to the alleged harm to Coleman. After all, persons under the ambit of Racine County arrested, booked, and prosecuted Coleman's brother under Coleman's name. But it was

7

not actually the arrest, booking, or prosecution of Coleman's brother that allegedly injured Coleman; rather, it was the fact that officials did not intervene to investigate and correct the identity that Coleman's brother offered that injured Coleman. Thus, Coleman's claim depends upon the rejected notion that government officials are constitutionally required to act to prevent injuries to third parties.

As for the second category of claims regarding the difficulties he suffered when he attempted to correct this error, the court is unable to discern any plausible cause of action that might be presented if Coleman were permitted to again amend his complaint. Coleman likely did not know where to turn to remedy the problem his brother created for him. Thus, he seemed to turn to offices that were not in a position to help. But the fact that the offices he turned to provided poor customer service by not responding to his inquiries does not create a constitutional claim.

Unfortunately, the situation in which Coleman found himself – a person falsely used his identity when arrested – is not a wholly uncommon problem. It is common enough that the Wisconsin Department of Justice has a form that can be completed by someone to correct their criminal histories in such situations. *See* Wisconsin Criminal History Challenge Form (DJ-LE-247). The court also takes judicial notice, *see* Fed. R. Evid. 201(b)(2), of the court records available at wcca.wicourts.gov regarding a first offense drunk driving citation filed again Dwaine Marcus Coleman on March 8, 2011. (Racine County Case Number 2011TR003919). A motion to reopen the case was filed on

December 7, 2015. At a hearing on January 26, 2016, the county moved to dismiss the charge, which the court granted. The court vacated the judgment and reinstated Coleman's driver's license. Thus, it appears that after some false starts Coleman has achieved the relief he sought. Therefore, this is not a situation where a party has turned to federal court after the state court has refused to remedy an error.

In sum, the court finds that, as presented, Coleman has failed to state a claim upon which relief may be granted. He has not named as a defendant any individual whose actions allegedly harmed him. His claims against the offices he names as defendants are insufficient because he has failed to adequately allege any policy or custom that harmed him. Given the nature of the claims that Coleman presented in his initial and amended complaints, the court concludes that it would be inappropriate to order Coleman to submit a third complaint. Even if he were able to identify specific individuals who allegedly injured him, the facts he alleges would not plausibly amount to a claim upon which relief may be granted. Therefore, the court must recommend that Coleman's amended complaint and this action be dismissed in accordance with 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED** that Coleman's amended complaint and this action be dismissed.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 26th day of July, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge