UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DWAINE MARCUS COLEMAN,

            Plaintiff,

   v.

RACINE COUNTY SHERIFF,
RACINE COUNTY DISTRICT ATTORNEY,
RACINE COUNTY CLERK OF COURTS,
and COUNTY OF RACINE.

            Defendants.

Case No. 16-cv-892-pp

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 14) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

_____

      On July 8, 2016, plaintiff Dwaine Marcus Coleman filed a complaint against the Racine County Sheriff, the Racine County District Attorney, the Racine County Clerk of Courts, and the County of Racine. Dkt. No. 1. Although the plaintiff consented to magistrate judge jurisdiction (dkt. no. 5), the defendants have not been served and have not had the opportunity to consent. On August 24, 2016, Magistrate Judge William E. Duffin entered an order requiring the plaintiff to show cause why the court should not dismiss the case for failure to pay a filing fee. Dkt. No. 8. Satisfied with the plaintiff's response, Judge Duffin granted the plaintiff's motion for leave to proceed without prepayment of the filing fee, and ordered the plaintiff to file an amended complaint. Dkt. No. 10. On July 26, 2017, Judge Duffin issued a report screening the amended complaint, and recommending that this court dismiss

1

the case for failure to state a claim upon which relief can be granted. Dkt. No. 14. Judge Duffin explained to the plaintiff that if he wanted to object to the report and recommendation, he had to file that objection within fourteen days of service; he also explained that if the plaintiff failed to timely file an objection, he would waive his right to appeal. Dkt. No. 14 at 10. The plaintiff has not filed an objection, and more than fourteen days have passed.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999).

As the court indicated, it has not received any objection from the plaintiff. The court has reviewed Judge Duffin's report, and finds that neither the report nor the recommendation are clearly erroneous. Of the four defendants that the plaintiff has sued, only one of them—Racine County—is the kind of entity that may be sued under 42 U.S.C. §1983. And, because Racine County is a municipality, and not a person, he can make a §1983 claim against the County only if he identifies some policy or custom that caused the injury he complains of. The plaintiff's complaint does not identify a policy or

custom of Racine County that injured the plaintiff. Rather, the complaint demonstrates that the plaintiff's *brother* caused the plaintiff's injury, because he gave the plaintiff's name when he was arrested, and was convicted under the plaintiff's name. The plaintiff alleges that someone figured out while his brother was being fingerprinted that his brother had given a false name, but didn't correct the record, and that this resulted in his being arrested for driving with a revoked license when he hadn't done so. He alleges that he made various attempts to correct the error with the various defendants that he has named, but that none of them corrected it. Even accepting all of this as true, the plaintiff does not allege that these injuries were the result of a Racine County policy or custom. Recognizing that the plaintiff might have a viable claim against a particular individual person, Judge Duffin also considered whether to allow him to file a third amended complaint to name such an individual, but concluded that he would not be able to state a constitutional cause of action against an individual defendant, either. The court agrees.

The court **ADOPTS** Magistrate Judge Duffin's July 26, 2017 report and recommendation (dkt. no. 14), and **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 28th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**